IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
GARY L. SINCLAIR,                )
                                 )
               Plaintiff,        )
                                 )
vs.                              )   Case No. 07-1237-MLB
                                 )
MICHAEL J. ASTRUE,[1]            )
Commissioner of                  )
Social Security,                 )
                                 )
               Defendant.        )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. Prior to the filing of plaintiff's initial brief, the defendant filed a motion to reverse and remand for further hearing on November 19, 2007 (Doc. 8-9). Plaintiff was allowed until December 14, 2007 to respond to defendant's motion (Doc. 10). Plaintiff did not file a response to defendant's motion.

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

Therefore, the motion will be considered and decided as an uncontested motion.  D. Kan. Rule 7.4.

In their motion to reverse and remand for further hearing, defendant stated the following:

> Upon receipt of the Court's remand order, the Appeals Council will remand this case to the administrative law judge (ALJ), who will be directed to obtain medical expert testimony, which was missing from the transcript of the first administrative hearing (Tr. 285). Further, the ALJ will be directed to update the record regarding Plaintiff's impairments, and re-evaluate the medical source opinions in accordance with 20 C.F.R. § 404.1527 and 416.927 and Plaintiff's subjective complaints and credibility in accordance with Social Security Ruling (SSR) 96-7p.  The ALJ will also reassess Plaintiff's residual functional capacity (RFC) and will obtain vocational expert testimony to assist in determining what jobs, if any, exist in the national economy considering Plaintiff's age, education, vocational factors and RFC...
>
> Plaintiff seeks, as one of two alternate remedies, reversal for immediate award of benefits in this claim. The record does not contain the testimony of the medical expert who appeared at the administrative hearing, and upon which the ALJ relied in his findings. Thus, further development of the record is necessary for this Court to review whether the ALJ's decision is based on substantial evidence on the record as a whole.

(Doc. 9 at 1-2).

The court finds that defendant has shown good cause for remanding the case for further hearing, and plaintiff has not objected to the motion.  Therefore, the court will recommend that

this case be remanded in accordance with defendant's motion to remand.

IT IS THEREFORE RECOMMENDED that defendant's motion (Doc. 8-9) be granted, that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on December 17, 2007.

>                    s/John Thomas Reid
>                    JOHN THOMAS REID
>                    United States Magistrate Judge